UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUNE M. BUSH,

    Petitioner,

v.                                                 Case No. 5:19-cv-18-MCR/MJF

STATE OF FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to respond to the undersigned's order dated June 13, 2019 (Doc. 10). On Petitioner June M. Bush filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Petitioner was being falsely imprisoned because he served his mandatory sentence imposed by the Lee County Circuit Court in case Number 14-CF-016563. (Doc. 1). Specifically, Petitioner claims that he is being illegally held pursuant to a conviction for a third-degree felony offense when he was charged with a misdemeanor offense. Indeed, Petitioner claims that "the sentencing judge never sentenced me to an [sic] department of corrections sentence. According to the record in the second district I was not filed as an [sic] felony" (Doc. 1 at 3). As relief, Petitioner seeks "release due to expiration of sentence." (Doc. 1 at 3). Because Petitioner is attacking the length

of his confinement, the undersigned construed Petitioner's civil rights complaint as a habeas petition. (Doc. 5 at 3) (citing *Castro v. United States*, 540 U.S. 375, 381-82 (2003)). The undersigned therefore required the Petitioner to amend his complaint using the court-approved form for a habeas petition and to pay the $5.00 filing fee. (*Id.* at 5). The undersigned directed the clerk of court to send Petitioner the proper forms and imposed a thirty-day deadline for Petitioner to comply. (*Id.* at 4, 5).

On April 29, 2019, after Petitioner failed to comply with a court order within the court-imposed deadline, the undersigned issued an order directing Petitioner to show cause why he failed to submit an amended petition and failed to pay the $5.00 filing fee or move for leave to proceed *in forma pauperis*. (Doc. 7). The undersigned imposed a thirty-day deadline to comply. On May 10, 2019, and May 22, 2019, the Petitioner filed two incomplete motions for leave to proceed *in forma pauperis*. (Docs. 8, 9). He did not, however, file an amended petition.

On June 13, 2019, the undersigned denied both motions for leave to proceed *in forma pauperis* and again directed the clerk of court to send Petitioner the proper forms. The undersigned directed Petitioner to file an amended petition and the $5.00 fee or completed motion for leave to proceed *in forma pauperis* and imposed a thirty-day deadline for compliance. (Doc. 10). Petitioner has neither: (1) submitted an amended petition on the court-approved form; (2) paid the $5.00 fee; nor (3) submitted a fully and completed motion for leave to proceed *in forma pauperis*. In

each of the undersigned's order, the undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this case. (Doc. 5, 7, 10). Petitioner has not complied with the undersigned's March 14 and June 13 orders.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with a court order.[1]

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 16th day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"); *see also* N.D. Fla. Loc. R. 5.7(A) (requiring parties not represented by an attorney to use the court form for filing a habeas corpus petition); N.D. Fla. Loc. R. 5.3 (requiring parties who file a civil case to simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, using the court form).

**for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**